UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LISA PITURA
    Plaintiff,

v.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.
_____/

### COMPLAINT FOR DISABILITY BENEFITS

Plaintiff sues Defendant and says:

### *I. JURISDICTION AND VENUE*

1. Plaintiff's claims are filed pursuant to 29 U.S.C. § 1001, *et seq*. (ERISA). Venue and jurisdiction are, therefore, proper pursuant to 29 U.S.C. § 1132.

### *II. PARTIES*

2. Plaintiff, Lisa Pitura, is a citizen and resident of Florida at all times relevant to this action.

3. Defendant, Liberty Life Assurance Company of Boston (hereinafter "Liberty"), is a foreign corporation doing business in Florida.

### *III. FACTS*

4. At all times material to this action there was in full force and effect a short term and long term disability insurance policies (hereinafter "Policies"). The Defendant is in possession of the complete Policies and is the insurer and administrator of the Policies.

5. The purpose of the Policies was to compensate Ms. Pitura a percentage of her monthly earnings in the event that she became disabled.

6. Ms. Pitura was an eligible participant under the Policies at all times material to this action.

7. Ms. Pitura suffers from numerous medical problems, including the various detrimental effects of her medical conditions that prevent her from performing the substantial and material duties of her regular occupation.

8. Ms. Pitura has been unable to perform the material and substantial duties of her own, or any other occupation, at all times material to this claim; she is disabled under the terms of the Policies.

9. In accordance with the procedures established by the Policies, Ms. Pitura notified the Defendant that she was disabled under the terms of the Policies and her treating physicians have consistently communicated to the Defendant that Ms. Pitura is totally disabled.  Liberty identifies Ms. Pitura's claims for benefits as 3040611(short term) and 4440375 (long term).

10. Ms. Pitura applied for both short term and long term disability benefits by the Defendant.

11. Liberty denied Ms. Pitura's claim for disability benefits.

12. Ms. Pitura appealed the decisions denying her claim for both short term and long term disability benefits and provided the Defendant with additional documentation supporting her disability.

13. The Defendant performed only a cursory investigation of Ms. Pitura's claim and upheld its decision denying benefits.

14. Liberty has failed to render its decision in accordance with ERISA regulations.

15. The decision to deny Ms. Pitura benefits was arbitrarily and capriciously made by the Defendant.

16. Ms. Pitura filed her claim as soon as possible and followed all reasonable procedures established by the Defendant; she has exhausted her administrative remedies.

17.  The denial of Ms. Pitura's claim was a breach of the terms of the Policy under which the Plaintiff was covered and a breach of the Defendant in discharging its fiduciary responsibilities to the Plaintiff.

18.  In denying the Plaintiff's claim, the Defendant is guilty of bad faith, has been stubbornly litigious, and has caused the Plaintiff unnecessary trouble, expense, and emotional distress.  Moreover, the Defendant's actions were intentional, willful, malicious, in bad faith, and reflect an entire want of care, which raises the presumption of conscience indifference to the consequences of the acts of the Defendant, especially in light of its inherent conflict of interest.  The actions of the Defendant were done with the specific intent to harm the Plaintiff, Lisa Pitura.

### *IV. COUNT I – PLAN BENEFITS*

Plaintiff incorporates the allegations contained in Paragraphs 1 through 18 as if fully stated herein and says further that:

19.  Plaintiff is entitled to certain benefits of the Policy providing for long-term disability benefits so long as she continues to be disabled or until she reaches an age specified by the Policy.

20.  Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. Plaintiff has not waived or otherwise relinquished his entitlement to the benefits.

21.  The Defendant has refused to pay the benefits sought by Plaintiff, ignoring the medical records and clear opinions of her treating physicians without any contrary medical evidence of its own.

## V.  RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 21 as if fully stated herein and says further that:

22.  As a result of the acts and/or omissions of the Defendant as alleged herein, the Defendant owes the Plaintiff unpaid long-term disability benefits, plus interest or the Plaintiff is entitled to appropriate equitable relief as a result of the acts and/or omissions of the Defendant.

23.  The Defendant is liable for the Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial as authorized by 29 U.S.C. §1132(g).

24.  The Defendant is also liable to place the Plaintiff in the same position as she would have enjoyed under the Policy had she not been wrongfully denied benefits by the Defendant, including all employee benefits afforded disabled employees.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Lisa Pitura, prays for judgment against the Defendant for the relief as plead herein and for such other and further relief as this Honorable Court deems just and proper.

*Respectfully submitted,*

THE MURRAY LAW FIRM, P.A.
2655 LeJeune Road PH1 - D
Coral Gables, FL 33134
Telephone (305) 779-4818
Facsimile (305) 779-4819
Email: John@johnpmurray.com


BY:__s/ John P. Murray____
      John P. Murray
      FL Bar No.  975818